IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ALFRED GRAY,

                Petitioner,

v.                              CIVIL ACTION NO.   5:13-cv-00471

MARVIN C. PLUMLEY, Warden

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 45) and the *Petitioner's Objections* thereto (Document 52). The Court has additionally reviewed the Petitioner's initial filing, titled *Motion for the Production of Transcripts/Documents* (Document 1), *Petition* (Document 6), and *Amended Petition* (Document 8), the *Respondent's Answer* (Document 14), the *Respondent's Motion to Dismiss Petition as Untimely Filed* (Document 15), and memorandum in support thereof (Document 16), the *Petitioner's Response* (Document 21), the *Respondent's Reply* (Document 22), and the documents attached as exhibits and produced by court order. For the reasons stated herein, the Court finds that the PF&R should be adopted.

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

*A. Procedural History*

By *Standing Order* (Document 3) entered on January 10, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

The Respondent filed a motion to dismiss the petition as untimely on September 9, 2013, asserting that it was filed well beyond the applicable one year statute of limitations. The Petitioner responded that "the limitations period should be *equitably* tolled for attorney errors from Mid-March 2007 until February 25, 2009, when Petitioner filed his second *pro se* state habeas petition, and then *statutorily* tolled until on or about December 14, 2012," when that petition was resolved. (Pet.'s Resp. at 2–3.) On June 18, 2014, the Magistrate Judge issued an *Order* (Document 26) outlining the factual and procedural issues presented and finding it necessary to hold an evidentiary hearing with respect to the allegations of attorney misconduct relevant to tolling of the statute of limitations. He also ordered that counsel be appointed to represent the Petitioner at the hearing and in further proceedings. (Order, Document 27.) The Magistrate Judge approved the appointment of Attorney Michael Whitt from the Criminal Justice Act panel on June 20, 2014. (CJA Approval, Document 33.) The hearing was held on August 14, 2014.

On August 19, 2014, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 45), wherein it is recommended that this Court grant the Respondent's motion to dismiss the petition as untimely. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by September 5, 2014. The Petitioner filed a motion to extend time to object to permit review of documents related to his allegations of attorney misconduct which were obtained from the Office of Disciplinary Counsel after the PF&R was filed. (Mot., Document 46.) The Court extended the deadline to September 12, 2014. (Order, Document 48.) The Petitioner's attorney filed an additional motion for an extension due to an illness, and the Court again extended the deadline to September 22, 2014. (Order, Document 51.) The Petitioner timely filed his *Objections* (Document 52) on that date.

2

*B. Factual Background*

The Magistrate Judge set forth the factual allegations and evidence in great detail. The Petitioner generally does not dispute the Magistrate Judge's recitation of the facts, with the notable exception that he claims that new evidence supports previously unsubstantiated claims regarding his communications with his state habeas counsel. The Court now incorporates the Magistrate Judge's factual findings by reference.[1] However, to provide context for the ruling herein, the Court provides the following summary.

The Petitioner was indicted for one count of murder and one count of committing the felony of murder by presentment of a firearm on January 14, 2003. He was convicted of both counts on August 29, 2003. He filed a direct appeal, which the West Virginia Supreme Court denied on July 6, 2005. His conviction became final ninety days later, on October 5, 2005, and the one-year statute of limitations for federal habeas relief began to run on that date. Eighty-six (86) days of that time ran before he filed his first state habeas petition on December 30, 2005. That petition tolled the statute of limitation until November 11, 2006—four months after the Circuit Court of Raleigh County denied his petition on July 11, 2006, with no appeal filed. On August 17, 2007, the statute of limitations expired.

However, the Petitioner had retained counsel in approximately March 2006 to represent him in the state habeas proceedings. Mr. Gray was first represented by Douglas Reynolds of Reynolds and Associates, but the representation ended in late March 2006 as a result of a disagreement regarding Mr. Reynolds's fee in relation to his relatively low expectations for

1 Where the newly provided materials provide additional information or conflict with the Magistrate Judge's findings, they will be incorporated into the Court's recitation of the facts.

success.[2] The Magistrate Judge noted that Mr. Reynolds testified that he "never discussed Federal *habeas* proceedings with Petitioner," (PF&R at 11), but the letters produced after the hearing indicate otherwise. In response to a letter from the Petitioner referencing the need to lay proper groundwork in the state courts for his anticipated federal habeas petition, Mr. Reynolds wrote: "you are not eligible to file a Federal Habeas Corpus until you have exhausted all of your state remedies including a petition for relief in the Circuit in which you were convicted." (3/28/2006 Letter, Reynolds to Gray, Document 52-1 at 15.)[3]

Kit Thornton, also of Reynolds and Associates, agreed to represent the Petitioner sometime in the summer of 2006. His representation continued until he left the firm in January of 2008. Mr. Thornton filed a "Memorandum in Support of Amended Petition for a Writ of Habeas Corpus Ad Subjiciendum" on behalf of the Petitioner on January 7, 2008.[4] (PF&R at 4.) The Petitioner claimed that Mr. Thornton told him a petition had been filed in mid-March, 2007. The Magistrate Judge found that there was "no evidence to support petitioner's self-serving claim." (PF&R at 19.) The new materials include a letter from Mr. Thornton, dated June 14, 2007, apologizing for the time it had taken to complete the filings and stating that he "never intended to give you a firm date as to when the habeas would be completed." (6/14/2007 Letter, Thornton to Gray, Document 52-1 at 43–44.) He promised to keep Mr. Gray updated on the process, but declined to give an estimate as to when the document would be completed. (*Id.*)

---

2 The newly filed letters provide support and detail to the Magistrate Judge's findings based on the hearing. (*See* Letters, Document 52-1 at 13–16.)
3 Mr. Gray's state habeas petition was pending at the time he was represented by Mr. Reynolds. It was denied in July, 2006, around the time Mr. Thornton's representation began.
4 The newly provided documents include a letter to Mr. Gray from a paralegal at Reynolds and Associates referencing a "Habeas Petition" filed on January 4, 2009, and indicating that W. Harrison White would be taking over the Petitioner's case and would file an amended petition. (1/29/2008 Letter, Elliott to Gray, Document 52-1 at 10) (presumably mis-dated and actually sent January 29, 2009.)

The Magistrate Judge additionally expressed skepticism regarding the Petitioner's testimony that he continually tried to contact Mr. Thornton and the firm. (PF&R at 23, note 8.) The new materials reveal that the Petitioner wrote regularly to express his displeasure with the delay and urge that his petition be filed promptly. (Document 52-1, at 21–36.) Some letters reference attempts to contact the office. Though his letters display a sense of urgency, they do not connect that urgency to the need to file a new state habeas petition in time to stop the clock before the statute of limitations for a federal habeas expired. As the Magistrate Judge found, however, he did inform both Mr. Reynolds and Mr. Thornton that he intended to file a federal habeas petition, and both told him his state petition needed to be filed first, apparently without considering the statute of limitations.

Mr. Thornton left Reynolds and Associates soon after filing the "Memorandum in Support of Amended Petition for a Writ of Habeas Corpus Ad Subjiciendum" on January 7, 2008. W. Harrison White took over the Petitioner's case, and filed an additional "Memorandum in Support of Amended Petition for a Writ of Habeas Corpus Ad Subjiciendum" on June 11, 2008. On October 15, 2008, the Petitioner filed a pro se Petition for Writ of Mandamus with the West Virginia Supreme Court of Appeals, which was denied on February 25, 2009. On that date, he filed a second petition for writ of habeas corpus with the Circuit Court of Raleigh County, which was denied on August 19, 2011. His appeal of that denial was denied on November 16, 2012. This federal habeas petition was filed on January 10, 2013.

## II.   *STANDARD OF REVIEW*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

5

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).[5]

### III.   DISCUSSION

*A. Consideration of Newly Introduced Materials*

As an initial matter, the Court notes that the Respondent objected to any consideration of newly introduced materials, asserting that the Petitioner should have obtained the materials from the Office of Disciplinary Counsel prior to the evidentiary hearing before the Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(C), district courts "may…receive further evidence" after receipt of a Magistrate Judge's PF&R. The Fourth Circuit has held that "the question of whether to consider such evidence rests within the sound discretion of the district court." *Doe v. Chao*, 306 F.3d 170, 183, note 9 (4th Cir. 2002) aff'd, 540 U.S. 614, (2004). In a case providing some guidance as to the limits of that discretion, the Fourth Circuit held that a district court abused its discretion by refusing to consider documents relevant to exhaustion of administrative remedies

---

5 The Petitioner's objections were submitted by counsel, and he was represented during the evidentiary hearing. However, his prior pleadings were prepared *pro se.*

6

that were in the possession of both parties, but introduced to the court only after a PF&R had been filed. *Wojcicki v. Aiken Technical Coll.*, 360 F. App'x 484, 488 (4th Cir. 2010) (unpublished).

On July 2, 2014, the Magistrate Judge directed "either counsel for Petitioner or counsel for Respondent [to] take necessary action to obtain" the documents from the Office of Disciplinary Counsel. (Order, Document 35.) Neither party obtained the documents prior to the hearing. The documents provided to the Petitioner are prefaced with a letter dated August 19, 2014, five days after the August 14, 2014 hearing. That letter notes that Mr. Reynolds informed the Petitioner that his file had been sent to the Office of Disciplinary Counsel, then forwarded to him, while, in fact, the Office of Disciplinary Counsel had returned the client file to Mr. Reynolds in 2009. (8/19/2014 Letter, Rhodes to Gray, Document 52-1 at 1–2.) Thus, both parties to the present action appear to have been somewhat dilatory in failing to obtain the documents prior to the hearing, or to seek additional time to do so. Mr. Reynolds's faulty memory provided an additional barrier to the prompt production of these documents. The Office of Disciplinary Counsel mailed the file after the hearing date, coincidentally on the date the PF&R was submitted, indicating that the Petitioner and his attorney did not have the documents in time to introduce them to the Magistrate Judge. Therefore, the Court finds consideration of the new materials to be appropriate.

   B. *Equitable Tolling of the Statute of Limitations*

The Magistrate Judge found that the Petitioner's federal habeas petition was untimely and that equitable tolling was unavailable. He recounted the standard that equitable tolling may apply if a petitioner (1) has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented untimely filing. He found that any misconduct or errors on the

part of Mr. Gray's attorneys prior to the August 2007 expiration of the statute of limitations did not rise to the level of an 'extraordinary circumstance' preventing his timely filing. Therefore, he found that it was unnecessary to determine whether the Petitioner diligently pursued his rights. Nonetheless, he included a footnote finding that Mr. Gray did not do so. (PF&R at 24.)

The Petitioner objected on the basis of the newly obtained documents that supported certain testimony from the Petitioner that the Magistrate Judge had viewed with skepticism. He argues that the documents corroborate his testimony that "he had told his attorneys that he wanted to preserve his right to file a federal habeas corpus petition and that he both called and wrote his attorneys repeatedly over time." (Obj. at 2.) He further argues that the attorneys did not bother to look into the statute of limitations for a federal habeas case and did not even check whether he had a pending petition in state court. Thus, "the statute of limitations to this case was allowed to expire while Mr. Thornton floundered around with his efforts at amending a state court habeas petition that had been dismissed months earlier." (*Id.* at 3.)

The Supreme Court of the United States held that a petitioner may be entitled to equitable tolling if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted.) Like the present case, *Holland* involved allegations that an attorney's misconduct and violation of professional standards constituted extraordinary circumstances. The attorney in *Holland*

> failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so[;]… did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules[;]… failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had

8

> decided his case, again despite Holland's many pleas for that information[;]…[a]nd failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 652. Mr. Holland also attempted to have his appointed counsel replaced and/or to communicate with the court pro se, but the state court refused to consider his letters or motions because he was represented by counsel. *Id.* at 637. The Court indicated that simply failing to file the petition on time or being ignorant of the statute of limitations "might suggest simple negligence" rather than the type of misconduct that gives rise to equitable tolling. *Id.* at 652.

The Fourth Circuit instructs that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent," restricted to "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). After *Holland* was decided, the Fourth Circuit summed up its holding as follows:

> While attorney misconduct must be more egregious than a "garden variety claim of excusable neglect" to be considered an extraordinary circumstance, the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his clients informed of key developments in their cases, or to never abandon a client.

*United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished). In that case, the court held that the Petitioner had "doggedly pursued a transcript" from his attorney, but had "failed to show that he diligently pursued his § 2255 motion." *Id.*

The Court has carefully reviewed the newly introduced documents, as well as the PF&R and the Petitioner's objections. Although the documents indicate that the Petitioner did diligently

9

pursue his state habeas relief through frequent contact with his attorneys, they do not demonstrate diligent pursuit of federal relief. Nor do they alter any of the key facts supporting the Magistrate Judge's findings. Indeed, the letters offer support to his determination that counsel did not mislead the Petitioner to believe a state habeas petition was filed on his behalf in March 2007. Mr. Gray's letters to Mr. Thornton are undated, but all express dismay that the petition had not yet been filed, as opposed to referencing a filed and pending petition. Mr. Thornton wrote Mr. Gray a letter in June 2007 that clearly indicated that the petition had not been filed. Thus, Mr. Gray should have known well before his federal statute of limitations ran on August 17, 2007, that no state habeas had been filed after the dismissal of his previous state habeas claim in July of 2006.

The Petitioner had informed Mr. Reynolds and Mr. Thornton that he wanted to file a federal habeas petition. He kept in frequent contact with them with respect to his state petition. They apparently did not understand either the status of his state petition and the proper procedures for pursuing that relief or the federal habeas statute of limitations. Mr. Thornton appears to have been lax in communicating with the Petitioner. However, the attorney conduct here is indicative of no more than simple error or negligence. In *Holland*, the petitioner repeatedly attempted to learn the status of his case but could not because his counsel would not communicate with him, and the courts would not review pro se filings by a represented party. Mr. Holland knew the relevant law, but was unable to pursue his interests because he could not obtain information about his own case from his attorney.

Here, by contrast, the Petitioner may not have known that his right to file a federal habeas was trickling away while his attorneys failed to file his state habeas petition because of bad information from his attorneys, but he could have gained all the necessary information.

10

Crucially, he knew, or at least had been informed, that his state habeas had not been filed until after August 17, 2007, when the statute of limitations expired. Unlike Mr. Holland, he had the option of proceeding pro se or with different counsel. His counsel may not have protected his interests, but they did not impede his own ability to do so except as a result of misplaced trust that they would not make errors or overlook deadlines. Therefore, as the Magistrate Judge found, "the facts and circumstances of Petitioner's case do not support a finding of 'egregious' misconduct by counsel which would warrant equitable tolling." (PF&R at 22.)

Because the Petitioner did not diligently pursue his right to file a federal habeas petition and any misconduct by his counsel did not rise to the level of an 'extraordinary circumstance,' he is not entitled to equitable tolling of the statute of limitations. Therefore, the Magistrate Judge's PF&R recommending that this Court grant the Respondent's motion to dismiss the petition as untimely must be adopted, and the Petitioner's objections must be overruled.

## *CONCLUSION*

WHEREFORE, following careful consideration, the Court hereby **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 45) be **ADOPTED** and that the *Petitioner's Objections to Proposed Findings and Recommendations* (Document 52) be **OVERRULED**. Furthermore, the Court **ORDERS** that the *Respondent's Motion to Dismiss Petition as Untimely Filed* (Document 15) be **GRANTED,** and that the Petitioner's *Petition*, titled *Motion for the Production of Transcripts/Documents* (Document 1), *Petition* (Document 6), and *Amended Petition* (Document 8) be **DISMISSED,** and that this matter be **STRICKEN** from the docket of this Court.

Should the Petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is **ADVISED** that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order accompanying this Memorandum Opinion and Order. The Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: September 26, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA